UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS GREGORY SHEA, | Case No. 3:14-cv-00354-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES, et al., | |
| Defendants. | |

Plaintiff Thomas Gregory Shea, proceeding pro se, initiated this action to assert claims under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*, which was granted. (Dkt. no. 8.) Pursuant to 28 U.S.C. § 1915, the Court screened his initial complaint and dismissed certain claims with leave to amend. (*Id.*) Plaintiff filed an amended complaint on February 17, 2015. (Dkt. no. 15.) United States Magistrate Judge Valerie Cooke screened Plaintiff's amended complaint and issued a Report and Recommendation ("R&R"), recommending dismissal of some claims without leave to amend. (Dkt. no. 31.) Plaintiff had until July 18, 2015 to file his objection. (*Id.*) Plaintiff did not timely object. Instead, Plaintiff filed a notice of appeal and then two identical objections after his appeal was dismissed. (Dkt. nos. 32, 35, 36, 39.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and

recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Plaintiff failed to timely object, but he states that this was due to circumstances outside of his control. (Dkt. no. 38 at 1-2.) The Court has considered Plaintiff's objection. However, the Court agrees with the Magistrate Judge's Recommendation and adopts the Recommendation in full. The Court therefore overrules Plaintiff's objection (dkt. nos. 36, 39).

It is therefore ordered that Plaintiff is permitted to proceed with his amended complaint as follows: (1) Count I against Defendants Deputy Sheriff McVickers ("McVickers"), Boyer, Sergeant Does 1, and Deputy Does 1 and 2: (2) Counts II against Defendants McVickers, Boyer, Mouholy, Sergeant Does 1 and 2, and Deputy Does 1, 2, 3 and 4; (3) Count V against Defendants McVickers, Boyer, Mouholy, Sergeant Does 1 and 2, and Deputy Does 1, 2, 3 and 4; and (4) Count VI, which is construed as a Fourteenth Amendment due process claim, against Clerk Supervisor Doe and Sergeant Does 1 and 2. Claims against the remaining defendants are dismissed without leave to

///

amend and the following counts are dismissed without leave to amend: Counts III, IV, VII and VIII.

Plaintiff filed a second amended complaint without leave of Court. (Dkt. no. 30.) In two identical motions for reconsideration (dkt. nos. 37, 39), Plaintiff explained that through no fault of his own, a wrong complaint was filed. The second amended complaint, like the amended complaint, is 60 pages in length and contains 26 exhibits. The second amended complaint appears similar to the amended complaint and contains the same deficiencies identified in the Court's order. The Court therefore denies the two motions for reconsideration. (Dkt. nos. 37, 39.)

Plaintiff filed a motion for subpoena (dkt. no. 27) before the Court permitted him to proceed. The motion for subpoena is therefore denied.

Plaintiff filed a request for clarification (dkt. no. 29) where he posits some questions to the Court. The Court cannot give legal advice. Plaintiff's request for clarification is denied.

It is further ordered that the Clerk is directed to issue a summons for the named defendants and send Plaintiff copies of the service of process form (USM-285). Plaintiff will be given twenty (20) days to complete the USM-285 form and return it to the U.S. Marshal to complete service upon the defendants. Within twenty (20) days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff is directed to file a notice with the Court indicating whether the defendant was served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the Court specifying the unserved defendant and providing a more detailed name and/or address for said defendant, or indicating that some other manner of service should be attempted. Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days of the date of this order.

It is further ordered that, once service is accomplished, Plaintiff must serve a copy of every pleading, motion or other document submitted for consideration by the

Court upon the defendants or, if appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the Court a certificate stating that a true and correct copy of the document was mailed to the defendants or counsel. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, or any document that fails to include a certificate of service.

DATED THIS 2nd day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE