UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS GREGORY SHEA,<br><br>                Plaintiff,<br>   v.<br>UNITED STATES, *et al.,*<br><br>                Defendants. | Case No. 3:14-cv-00354-MMD-VPC<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Thomas Gregory Shea, proceeding pro se, initiated this action to assert claims under 42 U.S.C. § 1983 and under state laws for conduct that allegedly occurred while Shea was conducting business at the Second Judicial District Court and utilizing the resources at its law library ("Law Library"). Before the Court is Defendants Noah Boyer and Sean McVickers' Motion for Summary Judgment ("Motion"). (ECF No. 96.) Shea's response was due on September 16, 2016. (ECF No 96.) The Court granted Shea's two requests for extension of time to file his response. (ECF Nos. 102, 107.) In his response filed on November 14, 2016, Shea claimed he was unable to respond because "he was a victim of theft of every document the defendants reference." (ECF No. 108.) He indicated he opposes summary judgment until he is able to obtain records. (*Id.*) On December 28, 2016, Shea filed a motion to supplement his response to the Motion. (ECF No. 110.) The Court will grant Shea's motion to supplement and consider his supplemental opposition ("Opposition") (ECF No. 110-1). For the reasons discussed below, the Motion is granted in part and denied in part.

## II. RELEVANT BACKGROUND

After screening the Amended Complaint ("FAC"), the Court permitted Shea to proceed on the following claims against Defendants Boyer and McVickers:[1] Count I, alleging false light; Count II, alleging First Amendment retaliation; and Count V, alleging Fourth Amendment warrantless search. (ECF No. 31.)

The facts relevant to these remaining claims, taken from the FAC, are as follows. On July 10, 2012, Shea visited the Law Library to conduct legal research when numerous deputies, including Boyer and McVickers, approached him. (ECF No 30 at 13.) They asked about his purpose for visiting the Law Library. (*Id.* at 14.) McVickers looked through Shea's legal papers and demanded to know the exact nature of Shea's visit. (*Id.*) McVickers asked if Shea recalled him, and according to Shea, he had filed a grievance against McVickers five years before the filing of the complaint. (*Id.* at 14, 30-31.) McVickers informed Shea that the filing clerk at the Law Library, Anita, had reported Shea for harassing behavior, instructed him to leave the Law Library and told him he must "stop all this civil law stuff." (*Id.* at 14.) Shea later spoke with Anita who denied having reported any harassment. (*Id.*) Shea returned to the Law Library the next day and overheard a security officer radioed that "Mr. Shea is in the building." (*Id.* at 18.) Photos identifying him were placed near the metal detectors at the courthouse and Law Library buildings within plain view of the public. (*Id.* at 19.) McVickers subsequently approached Shea when he was at the Law Library and during that encounter, McVickers grabbed Shea's legal papers, leafed through them and made threatening and demeaning comments about the scars on Shea's face. (*Id.* at 21-22.) Shea subsequently filed complaints with the Washoe County Sheriff's Office ("WCSO") about Defendants' harassing conduct. (ECF No. 30 at 65, 68-69.)

///

///

---

[1] Plaintiff was also permitted to proceed against other Doe Defendants.

2

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence

3

of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

### A. Count II: First Amendment Retaliation

42 U.S.C. § 1983 provides a mechanism for a plaintiff to bring a claim alleging that public officials, acting in their official capacity, took action to retaliate against, obstruct, or chill the plaintiff's First Amendment rights. *Gibson v United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). In support of such a claim, a plaintiff must show that "(1) [the plaintiff] engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct — i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Arizona Students' Ass'n. v. Arizona Bd. of Regents,* 824 F.3d 858, 867 (9th Cir. 2016) (quoting *O'Brien v. Welty,* 818 F.3d 920, 933-34 (9th Cir. 2016). Defendants argue that Shea cannot show these three elements.

Shea alleges McVickers and Boyer harassed him in retaliation for "unfavorable conduct complaint and prior grievance approximately five years from the date of this complaint" and for "current civil cases then at the Second Judicial District Court." (ECF No. 30 at 30-31.) Thus, the alleged protected activities are "unfavorable conduct complaint," a grievance from five years before the filing of this action and civil lawsuits filed in the Second Judicial District Court.

Defendants argue that Shea offers no evidence to show he filed a grievance against McVickers five years before the filing of this case, a review of WCSO's detention records show no such grievance was ever filed, and McVickers was not aware of any such grievance. (ECF No. 96 at 8.) Shea's supplemental response offers no evidence to dispute this point. Thus, the Court finds that it is undisputed that Shea did not file grievance against McVickers five years before the filing of the complaint.

///

Even assuming that Shea did file a grievance against McVickers, the Court agrees with Defendants that Shea cannot show any nexus between the constitutional protected activities and Defendants' alleged harassment of him during the encounters at the Law Library. First, Shea offers no evidence that McVickers was aware that Shea filed any grievance against him to even suggest any nexus between Shea's filing of the grievance and McVickers' alleged harassment of him. Second, according to Shea, McVickers and Boyer harassed him on July 10, 2012, in that McVickers looked through his legal papers, asked him what he was doing in the Law Library and told him to "stop all this civil law stuff." (ECF No. 30 at 13-14.) McVickers allegedly engaged in the same harassing conduct when Shea encountered him on July 24, 2012.[2] However, the first "unfavorable conduct" complaint that Shea filed with WCSO was made on July 16, 2016.[3] (ECF No. 30 at 65.) Defendants' alleged harassing conduct thus occurred before Shea's complaints to WCSO such that there is no nexus between Defendants' alleged harassment of Shea and his complaints. Finally, with respect to the filing of civil actions, Shea does not allege any facts to show his filing of civil actions was a substantial motivating factor in Defendants' alleged harassment of him. In fact, Shea does not allege that Defendants are even aware of the nature of these civil actions to create an inference as to a retaliatory motive on the part of Defendants.

The Court thus agrees with Defendants that Shea cannot establish the first and third elements to support his First Amendment retaliation claim even if the Court views all facts and draws all inferences in the light most favorable to Plaintiff.

///

///

---

[2]This is based on Shea's July 24, 2012 complaint to WCSO. (ECF No. 30 at 68-69.)

[3]Exhibit 2 to Shea's FAC is a copy of a complaint sent on July 17, 2012, concerning an incident dated July 16, 2012. (ECF No. 30 at 65.) Exhibit 3 is a copy of a complaint for an incident on July 24, 2012. (*Id.* at 68-69.) Defendants offer a copy of Shea's complaints on July 28, 2012, about alleged incidents between July 10 and July 26, 2012. (ECF No. 96 at 17-20.)

5

### B. Count V: Fourth Amendment Warrantless Search

Count V is based on Shea's allegations that Defendants searched his legal documents while he was in the Law Library. (ECF No. 30 at 45.) Defendants argue that Shea has failed to offer any evidence in support of his allegations that they searched and seized his documents while he was in the Law Library. (ECF No. 96 at 1.) They argue that Plaintiff complained about other alleged harassing conduct but in these complaints he did not assert that they searched or seized his papers. (*Id.*) Defendants are correct that the complaints Shea filed with WCSO did not claim that Defendants seized or searched his documents while he was at the Law Library. (ECF No. 30 at 65-69; ECF No. 96 at 17-20.) In his Opposition, Shea makes general allegations that he was searched and his property was seized and McVickers "mauled the papers on [Shea's] desk at the Law Library." (ECF No. 110-1 at 3-4.) However, these general allegations are beyond the allegations against Boyer and McVickers as alleged in the FAC. In the FAC, Shea alleges that McVickers looked through his legal papers, not that he seized them or destroyed them. (ECF No. 30 at 14, 21-22.) Moreover, these general allegations in an unverified response are not sufficient to create a material dispute to preclude summary judgment. Setting aside that the allegations are not set forth in an affidavit or sworn statement, these allegations are not specific evidence to show that a dispute exists. *See Bhan*, 929 F.2d at 140.

The Court agrees with Defendants that they are entitled to summary judgment on Count V.

### C. Count I: False Light

The Court will not address Defendants' arguments with respect to Plaintiff's state law claim for false light alleged in Count I as the Court declines to exercise supplemental jurisdiction over this remaining claim pursuant to 28 U.S.C. § 1367(c). The false light claim in Count I will be dismissed without prejudice.

///

///

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No.96) is granted in part and denied in part. It is granted with respect to Counts II and V. It is denied with respect to Count I for false light. Count I is dismissed without prejudice as the Court declines to exercise supplemental jurisdiction over this remaining state law claim.

The Clerk is directed to enter judgment in favor of Defendants Noah Boyer and Sean McVickers and close this case.

DATED THIS 17th day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE